**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

C.M., individually and through his Parents,
C.M. Sr. and J.M.
          Plaintiffs,

    v.

DAYSPRING CHRISTIAN ACADEMY,
et al.
          Defendants.

Case No: 5:26-CV-0007

## DEFENDANT L.S.' ANSWER TO PLAINTIFF'S COMPLAINT

Defendant L.S., by and through his counsel, Christopher A. Sarno, Esquire with Clymer Musser & Sarno PC, who hereby avers as follows:

**I.  Parties:**

1.  It is admitted under information and belief.

2.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

3.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

4.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted.

9.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

10. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

11. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

12. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

13. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

14. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

15. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

16. Admitted.

17. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

## II.    Jurisdiction and Venue:

18. Denied. These averments are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

19. Denied. These averments are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

20. Admitted.

## III.    Additional Facts Supporting Liability:

21. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

22. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

23. Admitted.

24. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

25. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

26. L.S. denies the allegations contained in paragraph 26 of the Complaint.

27. Admitted.

28. Admitted in part and Denied in part. It is Admitted that L.S. spent some time in the "daybreak" class. It is denied whether or not C.M. knew why L.S. was in that classroom.

29.

    a.  It is admitted in part and denied in part. It is admitted that L.S. and C.M. were friends and called each other names, such as "sped" and "retard" being two (2) of them. It is denied that L.S. would leave marks when he poked C.M. with pencils and other objects.

    b.  It is admitted in part and denied in part. It is admitted that L.S. did hit C.M. with his belt. It is Denied that this was a "horrendous whipping," and it is denied that it occurred during January of 2023, but rather October of 2022.

    c.  Denied. The allegations of subsection c are denied. By way of further answer,

        L.S. did not poke objects at C.M.'s anus, and denies ever "rounding" C.M.

30. Denied. Paragraph 30 is directed to another party, and therefore, L.S. is not required to respond.

31. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

32. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

33. Denied. L.S. did not have any "victims" and did not bully any students, including those in "P139 classroom." Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment to the rest of the allegations.

34. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

35. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

36. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

37. (a-c) Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

38. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

39. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

40. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

41. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

42. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

43. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

44. (a-d) Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

45. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

46. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

47. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

48. Admitted in part and denied in part. It is admitted in part that L.S. did not himself "round" C.M, but that it was another student, and that that other student held down the other student, and did it by himself. It is denied that L.S. "bragged" about seeing it.

49. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

50. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

51. Admitted in part and Denied in part. It is admitted that L.S. apologized to C.M's parents regarding the "rounding," but it is Denied that he actually participated or was even in the same room when the "rounding" of C.M. occurred. L.S. never participated in "rounding" C.M., and was never present when it occurred.

52. Admitted.

53. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

54. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

### Count I – CM v. DCA; Violations of the ADA, 42 U.S.C. § 12101 et seq:

56-65. The allegations are directed to other Defendants, and therefore, L.S. is not required to respond and is without knowledge or information sufficient to form a belief as to the truth of this averment.

### Count II – CM v. DCA; Violations of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794

66-76. The allegations are directed to other Defendants, and therefore, L.S. is not required to respond and is without knowledge or information sufficient to form a belief as to the truth of this averment.

### Count IV – CM v. All Defendants; Negligence[1]

77. L.S. incorporates by reference the preceding paragraphs as if fully set forth herein.

---

[1] Count III does not exist.

78. Paragraph 78 states a conclusion of law to which no reply is necessary. To the extent a response is required, the same is denied.

79. Paragraph 79 states a conclusion of law to which no reply is necessary. To the extent a response is required, the same is denied. Paragraph 79 also relies upon written documents. The same speak for themselves. To the extent that any part of this paragraph accurately interprets those written documents, the same is admitted. To the extent that any part of this paragraph does not accurately interpret those documents, the same is denied.

80. Paragraph 80 relies upon written documents. The same speak for themselves. To the extent that any part of this paragraph accurately interprets those written documents, the same is admitted. To the extent that any part of this paragraph does not accurately interpret those documents, the same is denied.

81. Paragraph 81 states a conclusion of law to which no reply is necessary. To the extent a response is required, the same is denied.

82. Paragraph 82 states a conclusion of law to which no reply is necessary. To the extent a response is required, the same is denied.

83. Paragraph 83 states a conclusion of law to which no reply is necessary. To the extent a response is required, the same is denied.

84. Paragraph 84 states a conclusion of law to which no reply is necessary. To the extent a response is required, the same is denied.

85. Paragraph 85 states a conclusion of law to which no reply is necessary. To the extent a response is required, the same is denied.

86. Paragraph 86 states a conclusion of law to which no reply is necessary. To the extent a response is required, the same is denied. It is also denied as L.S. is without sufficient knowledge or information sufficient to form a belief as to the truth of this averment.

WHEREFORE,

a-f. Denied. It is denied that Plaintiff is entitled to any of the relief sought in their Complaint.

## Count IV – CM v. DCA; Breach of Contract[2]

87-100. The allegations are directed to other Defendants, and therefore, L.S. is not required to respond and is without knowledge or information sufficient to form a belief as to the truth of this averment.

## Count V – CM v. LS; Battery

101.    L.S. incorporates by reference the preceding paragraphs as if fully set forth herein.

102.    Paragraph 102 states a conclusion of law to which no reply is necessary. To the extent a response is required, the same is denied.

103.    Denied. It is denied that L.S. intended to cause a harmful or offensive contact with C.M. or that it occurred without C.M.'s consent, in that both L.S. and C.M. were friends, who would engage in wrestling and physical contact with each other. This contact was part of that back-and-forth contact, not bullying.

104.    Denied. L.S. never "rounded" C.M. L.S. did not participate in the "rounding" of C.M.

WHEREFORE,

---

[2] This is the second Count IV of the Complaint.

a-e. Denied. It is denied that Plaintiff is entitled to any of the relief sought in their Complaint.

### Count VI – CM v. LS; Assault

105. L.S. incorporates by reference the preceding paragraphs as if fully set forth herein.

106. Paragraph 106 states a conclusion of law to which no reply is necessary. To the extent a response is required, the same is denied.

107. Denied. It is denied that L.S. intended to cause a harmful or offensive contact with C.M. or that it occurred without C.M.'s consent, in that both L.S. and C.M. were friends, who would engage in wrestling and physical contact with each other. This contact was part of that back-and-forth contact, not bullying.

108. Denied. L.S. never "rounded" C.M. L.S. did not participate in the "rounding" of C.M.

WHEREFORE,

(f-j) Denied. It is denied that Plaintiff is entitled to any of the relief sought in their Complaint.

### AFFIRMATIVE DEFENSES

In further answer to the legal and factual averments set forth in the Complaint, Defendant L.S. provides notice that it intends to rely upon the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the Applicable Statute of Limitations.

## REQUEST FOR RELIEF

WHEREFORE, Answering Defendant demands trial by jury and respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice and enter judgment in their favor along with the allowable attorneys' fees and costs of this action.

CLYMER MUSSSER & SARNO PC

Date: March 24, 2026

Christopher A. Sarno, Esq.
Pa ID: 311511
408 W. Chestnut St.
Lancaster, PA 17603
(717) 299-7101 (P)
(717) 299-5115 (F)
chris@clymerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, 24th of March, 2026, a true and correct copy of the foregoing Answer was electronically filed with the court, where a copy can then be retrieved by all counsel of record via the ECF system.

CLYMER MUSSSER & SARNO PC

Date: March 24, 2026

_____
Christopher A. Sarno, Esq.
Pa ID: 311511
408 W. Chestnut St.
Lancaster, PA 17603
(717) 299-7101 (P)
(717) 299-5115 (F)
chris@clymerlaw.com