**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CM, individually and through his Parents, CM Senior and JM | : | |
| *Plaintiff,* | : | CIVIL ACTION |
| vs. | : | |
| | : | 5:26-cv-00007-JMG |
| DAYSPRING CHRISTIAN ACADEMY, DANIEL STONE, LS (former student), SANDY ABEL, JEFF FUNK, JANICE MARTINO-GOTSHALL, MATT LAPP, DR. MICHAEL R. MYERS, ART REMINGTON, JEFF SMOKER, AND KEVIN ZIMMERMAN | : : : : : : | |
| *Defendant.* | : | |

**PLAINTIFF'S SUR-REPLY BRIEF TO DEFENDANTS' REPLY**
**TO PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, CM, individually and through his Parents, CM Senior and JM, respectfully files this sur-reply brief to Defendants' Dayspring Christian Academy ("DCA"), Daniel Stone, Sandy Abel, Jeff Funk, Janice Martino-Gotshall, Matt Lapp, Dr. Michael R. Myers, Art Remington, Jeff Smoker, and Kevin Zimmerman (hereinafter "Defendants") Reply (Doc 23) ("Reply Brief") to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint and in support thereof, avers as follows:

First, Plaintiff incorporates by reference his Response in Opposition to Defendants' Motion to Dismiss, especially arguments not restated in this sur-reply brief.

Defendants' Reply Brief repeats and rehashes arguments already made. *See* Judge Gallagher's Policies and Procedures, No. II.B(3). In repeating and rehashing these arguments, Defendants cite new cases that could have been cited in their opening brief, but were not.

Additionally, Defendants' Reply Brief portrays their arguments like a summary judgment brief, attempting to either wholly disprove or raise genuine issues regarding Plaintiff's allegations.

1

The parties are not at that stage in the litigation. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is **plausible on its face**." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (emphasis added). "Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully,'" *Connelly v. Lane Const. Corp.,* 809 F.3d 780, 786–87 (3d Cir. 2016) (internal citations omitted). For the reasons set forth in Plaintiff's Response in Opposition, Plaintiff's Complaint meets this standard, and Defendants' Motion to Dismiss should be denied.

Next, Defendants' Reply Brief completely ignores Defendant LS's Answer to Plaintiff's Complaint (Doc 22) ("LS Answer") which was filed after Plaintiff filed his Response, and before Defendants' Motion for Leave to file its Reply Brief. Defendant LS's Answer raises questions regarding DCA's argument that it qualifies for a religious exemption under ADA. For example, Defendant LS admitted that DCA is not a place of worship, which is relevant in consideration of the *LeBoon* factors. LS Answer, ¶16. Additionally, Defendant LS denied that "...DCA…is not a religious entity, a religious organization, or an entity controlled by a religious organization" because he was "without knowledge or information sufficient to form a belief as to the truth of this averment." LS Answer, ¶13. If it is so clear that DCA is a religious organization such that discovery is not necessary on the issue, then Defendant LS should have been able to affirmatively answer Paragraph 13 of the Complaint. This is especially so because Defendant LS attended DCA multiple years and was the son of the headmaster and grandson of the founder. Similarly, Defendant LS also denied with insufficient knowledge paragraph 15, which states that "DCA is not controlled by a specific church or religious order but is governed by an independent Board of Trustees." LS Answer, ¶15. Any DCA high school student, especially Defendant LS, should have

2

been able to affirmatively answer that paragraph. These answers from LS demonstrate that Plaintiff has sufficiently pleaded that it is plausible on the face of the Complaint that DCA is not a religious organization qualifying for an exemption under ADA.

Lastly, the overall negative and dismissive tone of Defendants' Reply Brief is a clear attempt to question the validity of CM's statements in his Complaint. While unnecessary, it is not surprising considering how Defendants have viewed and treated CM his entire time at DCA. Additionally, Defendants' attempt to be dismissive of CM's Complaint is disingenuous considering the facts that are now before this Court through Defendant LS's Answer. While Defendant LS claims his statements and actions were jokes and he was being playful, it is now undisputed that Defendant LS called CM, an autistic student, names such as "sped" and "retard" (LS Answer, ¶ 29(a)), that he "poked" CM with pencils and other objects (LS Answer, ¶ 29(a)), that he hit CM with his belt (LS Answer, ¶ 29(b)), and that he knew that CM was "rounded" by another student (LS Answer, ¶ 48, ¶ 51). Defendant LS's admissions carry weight against the moving Defendants, especially because LS is the son of the headmaster and grandson of the founder of DCA. These admissions also further support the plausibility of the statements in CM's Complaint that the actions of LS and others are examples of bullying and that DCA administrators knew this bullying was happening in the P139 classroom since 2018, but failed to rectify such bullying.

For all the reasons cited herein and in Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, Plaintiff CM respectfully requests this Court deny Defendants' Motion to Dismiss in its entirety.

3

Dated:  April 2, 2026

Respectfully submitted,

James J. Munnelly, Esquire
jmunnelly@sandsaidel.com
SAND & SAIDEL, P.C.
113 S. 21st Street,
Philadelphia, PA 19103
Attorney for CM