**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **C.M., individually and through his Parents, CM SENIOR and JM,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 5:26-CV-00007-JMG |
| | : | |
| v. | : | |
| | : | |
| **DAYSPRING CHRISTIAN ACADEMY, et al.,** | : | |
| | : | |
| Defendants. | : | |

## JOINT RULE 26(f) REPORT

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties (Plaintiff and Counsel for Defendant LS and Dayspring Defendants (Dayspring Christian Academy ("DCA" or "Dayspring"), Daniel Stone, Sandy Abel, Jeff Funk, Janice Martino-Gotshall, Matt Lapp, Dr. Michael Myers, Art Remington, Jeff Smoker and Kevin Zimmerman) conferred on June 8, 2026 and June 9, 2026 and submit the following report of their meeting for the court's consideration:

I.    **Counsel**

    A.  **Lead counsel for Plaintiff(s):** James Munnelly, Esq.

    B.  **Lead counsel for Defendant(s) Dayspring:** John P. Morgenstern, Esq.

    C.  **Lead counsel for Defendant LS:** Christopher Sarno, Esq.

    D.  **Counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):**

       James Munnelley, Esq. and David Annecharico, Esq.

    E.  **Counsel who participated in Rule 26(f) conference on behalf of Defendant(s):** Hillary Weinstein, Esq. and Elizabeth Castillo, Esq.

    F.  **Counsel who participated in Rule 26(f) conference on behalf of Defendant LS**: Christopher Sarno, Esq.

#12566333v3

## II.     Description of Claims and Defenses

**Plaintiff's Position:**

Plaintiff CM is a young adult with autism, ADHD, hydrocephalus, and a specific learning disability who attended Dayspring Christian Academy ("DCA") from sixth through twelfth grades and received services through DCA's "P139" program. DCA administrators and board members knew, through years of parent and student complaints and through Headmaster Stone's own written communications (including emails dated October 18, 2018 and January 26 and 30, 2022), that students with disabilities in the P139 program were being bullied and harassed, much of it by Defendant LS, the headmaster's son. DCA failed to act. CM was subjected to disability-based name-calling, a belt-whipping captured on video, and sexual harassment known as "rounding." Plaintiff contends these facts establish deliberate indifference supporting his claims under Section 504 of the Rehabilitation Act (Count II) against DCA, common-law negligence against all Defendants, breach of contract against DCA, and assault and battery against LS.

**Defendants' Position:**

Defendants deny all liability. Dayspring's responses to reported bullying were reasonable and appropriate, did not rise to the level of deliberate indifference, and were not motivated by or directed at CM's disability. Defendants further contend that CM suffered no cognizable harm by reason of his disability attributable to any act or omission by Dayspring or the individual defendants.

Defendant LS position: Defendant L.S. denies liability. The alleged contact was part of the consensual back and forth contact between the group of friends. The children in this group were all actively participating.

## III.     Stipulated Facts

Plaintiff has presented Defendants with a draft of stipulated facts, to which Defendants plan to respond following the filing of their Answer.

## IV.     Jurisdiction

Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on claims under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiff asserts supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

Venue is currently proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), because the events or omissions giving rise to those claims allegedly occurred in Lancaster County. Defendants reserve the right to contest subject matter jurisdiction in any forthcoming dispositive motions.

2

#12566333v3

### V.    Insurance Coverage and Deductibles

Brotherhood Mutual is providing a defense in this matter, the terms of which will be disclosed as part of the Defendants' initial disclosures.

### VI.    Dispositive Motions

Dayspring Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), and 8(a) on March 9, 2026 (ECF No. 19), which was decided on June 12, 2026.

Dayspring Defendants contemplate filing dispositive motions on the issue of whether Section 504 of the Rehabilitation Act applies, and plan on filing a summary judgment at the close of discovery.

Plaintiff anticipates moving for partial summary judgment on liability and on Dayspring Defendants' notice of the bullying and harassment, and Defendant LS's liability on negligence and intentional torts. The timeline for the motion is set forth below in Section IX.

### VII.    Anticipated Scope of Discovery

#### A.    The parties anticipate discovery will be needed on the following issues:

- CM's disabilities, diagnoses, educational record, and the services provided to him through Dayspring's P139 program and other school programs;
- The nature and timing of the alleged bullying and harassment of CM during his enrollment at Dayspring;
- Communications CM had with LS, peers, and other individuals regarding these incidents, including text messages, emails, DMs, postings, social media, gaming platform messages, etc.;
- Communications and activities between CM and LS since CM's enrollment at Dayspring;
- What Dayspring administrators and staff knew and when, and the actions they took in response to reported incidents;
- Dayspring's policies and procedures regarding bullying, harassment, and student discipline;
- Dayspring's organizational structure, governance, and federal sources of funding;
- CM's alleged damages, including the nature and extent of any claimed medical, psychological, and educational harm, and causation of the same;
- All circumstances surrounding LS's "withdrawal" from Dayspring and any subsequent contact with CM;
- JM's (parent of CM) employment records/personnel file relevant to the allegations, complaints, communications, job responsibilities, disciplinary history, and separation from Dayspring;
- CM Senior's and JM's (parents of CM) communications with Dayspring and its board members and other representatives concerning CM and the allegations, reported

3

bullying/harassment, Dayspring's response, JM's role, and JM's separation from Dayspring;

- CM Senior's and JM's individual observations, communications among themselves, and with Dayspring stakeholders, community members, and JM's current employer concerning CM, the allegations, and his experience at Dayspring;
- Dayspring's knowledge of alleged bullying and harassment of CM, what Dayspring administrators and staff knew and when, and the actions they took in response to reported incidents;
- the October 2018 and January 2022 Stone emails and related communications;
- the video of the belt-whipping incident;
- LS's educational and discipline records; and
- All communications regarding bullying complaints that Dayspring teachers and administrators received regarding Defendant LS against CM, specifically.

**Note:** While Plaintiff seeks discovery of Dayspring's knowledge of alleged bullying/harassment of P139 students generally, Defendants would object to all discovery unrelated to alleged bullying of CM by LS, and in particular:

- Dayspring's knowledge of alleged bullying and harassment of P139 students generally;
- Communications regarding any bullying complaints that Dayspring teachers and administrators received regarding Defendant LS generally, from students in the P139 class;
- Notes/minutes of any internal administrative meetings to discuss general behavioral concerns of students at Dayspring.

**B. Anticipated number of interrogatories per Party:** 25

**C. Anticipated number of depositions per Party:**

Plaintiff          15
Defendants         10

**D. To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal.**

Plaintiff anticipates needing more than the ten depositions presumptively allowed by Rule 30(a)(2)(A)(i) because there are eleven Defendants (the institution, the headmaster, a former student, and eight board members) plus additional institutional and third-party witnesses. Plaintiff proposes that it be permitted to take up to fifteen depositions, without prejudice to a later request for leave to take more for good cause.

4

#12566333v3

**E.  Do the Parties anticipate the need for any third-party discovery?  If so, identify the likely third-parties and the discovery to be sought.**

**Dayspring Defendants:**
- CM's treating medical, psychological, counseling, and educational providers, to the extent their records or testimony are relevant to CM's diagnoses, treatment, alleged injuries, damages, and causation;
- Hempfield School District records relating to CM's evaluations, classification, services, and educational history;
- Third-party witness testimony and communications related to the alleged incidents.

**Plaintiffs:**
- Third-party students and families who have made complaints of general bullying in the P139 classroom and CM, specifically. (Defendants continue to object to discovery of third-party students unrelated to the parties in this case.)

**Defendant LS:**
- Third-Party witness testimony and communications related to the alleged incidents

**F.  Do the Parties anticipate the need for experts?  If so, identify the subjects on which the expert(s) may opine.**

**Plaintiffs:**

- Clinical psychologist who will provide an expert report/testimony on CM's psychological and psychiatric condition, including emotional distress, post-traumatic stress, and causation, and future care.
- Forensic economist to provide an expert report/testimony on economic and non-economic damages, including future care and any vocational impact.

**Dayspring Defendants:**

- Neuropsychologist or psychologist on causation and extent of psychological harm; and
- Educational/special education expert.

## VIII.    Status of Discovery

No formal discovery has been conducted with the Dayspring Defendants to date as Defendants' Motion to Dismiss filed March 9, 2026 was just decided on June 12, 2026. Initial disclosures under

Rule 26(a)(1) have not yet been exchanged. Plaintiff intends to propound written discovery following receipt of Dayspring Defendants' answer to the remaining claims in Plaintiff's complaints.

Plaintiff propounded discovery on Defendant LS by serving interrogatories, request for admissions and requests for productions of documents. Defendant LS answered those requests on May 19, 2026.

## IX.    Proposed Case Management Deadlines

**A. Initial disclosures:** June 29, 2026 (one business day before Rule 16 conference)

**B. Deadline to amend pleadings:** September 15, 2026

**C. Affirmative expert reports:** December 1, 2026

**D. Rebuttal expert reports:** December 15, 2026

**E. Close of all discovery:** January 6, 2027

**F. Given the number of individual defendants, the minor plaintiff's educational and medical records, anticipated third-party discovery, and the possibility of expert discovery, the parties request a discovery period of approximately six months.**

**G. Motion for summary judgment:** February 17, 2027

**H. Trial ready date:** June 1, 2027

**I. Estimated trial length:** 5-7 days

## X.    Deposition Scheduling

The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery. If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.
Have the Parties set aside dates for deposition? __x_ Yes ___ No

If yes, what are those dates? The parties are proposing dates in late September and early August.

## XI.    Electronic Discovery

The parties met and conferred on June 8 and 9, 2026. Relevant ESI sources are likely to include:

- Communications, emails, text messages, and other electronically stored information of CM and his parents concerning Dayspring, CM's experience at Dayspring, the alleged

6

#12566333v3

incidents, alleged bullying or harassment, CM's enrollment or withdrawal, alleged damages, and communications with Dayspring personnel, students, parents, or third parties;

- Email communications among Dayspring administrators, staff, and parents, including the October 2018 and January 2022 emails referenced in the Complaint;
- Electronic records relating to CM's enrollment, P139 program, and any disciplinary matters.
- Notes/minutes of any internal administrative meetings to discuss behavioral concerns of students at Dayspring. (Note: Dayspring Defendants object to this request as outside the scope of the Complaint)

## XII.    Protective Orders and Confidentiality Agreements

The parties anticipate the need for a confidentiality order in this case. Defendants anticipate a confidentiality order to protect Dayspring's internal confidential business and student-protected information. The Plaintiffs anticipate the need for discovery on class rosters for each grade year that CM attended Dayspring to determine P139/disability status of potential student witnesses, especially students named in Defendant LS's discovery responses.  Additionally, there would be a need for confidentiality orders for CM's medical and mental-health records, FERPA-protected records of non-party students, and information concerning Defendant LS.

To the extent that Plaintiff is requesting discovery or depositions on individuals that are outside the scope of LS and CM, Dayspring Defendants anticipate filing a protective order.

## XIII.    Alternative Dispute Resolution

**A.  Have the Parties engaged in any settlement discussions?  If so, set forth the status of those negotiations.  If not, explain why not.** Yes. The parties engaged in settlement discussions prior to the filing of the Plaintiff's Complaint and prior to the parties' Rule 16 Conference.  The parties remain open to settlement discussions in good faith.

**B.  Have the Parties explored or considered other forms of alternative dispute resolution?  If so, summarize those efforts.  If not, state the Parties' positions with respect to ADR, as required under Local Rule of Civil Procedure 53.3.** Parties remain open to ADR, and at one point discussed mediation in front of Judge Rueter.

**C.  Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.**

Plaintiffs: James J. Munnelly, Esq.
Dayspring Defendants: Hillary Weinstein, Esq.
LS: Christopher A. Sarno, Esq.

## XIV.    Consent to Send Case to a Magistrate Judge

The parties do not consent to send this case to a Magistrate Judge at this time.

#12566333v3

**XV.   Policies and Procedures**

Judge Gallagher's Policies and Procedures are available for the Parties to review on the Court's website.  By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein.  The Parties and their counsel further acknowledge by signing below that Judge Gallagher will strike pleadings and other submissions that do not comply with his Policies and Procedures.

**XVI.   Other Matters**

The Parties note the following:

(1) Defendants' Motion to Dismiss (ECF No. 19) was just decided on June 12, 2026 dismissing one of six counts.  Therefore, Dayspring Defendants have not yet filed an Answer to the remaining claims in the Complaint;

(2) Defendant LS filed a separate Answer (ECF No. 21) and is separately represented by Christopher A. Sarno, Esquire of Clymer Musser & Sarno, P.C.;

(3) the Parties do not presently anticipate bifurcation;

(4) Confidentiality order/agreements, and requests for protective orders may arise as to student records and class rosters, and the Parties will address these issues consistent with Judge Gallagher's Policies and Procedures; and

(5) Plaintiff has demanded a trial by jury.

**ACKNOWLEDGEMENT OF RULE 26(F) MEETING AND THE ABOVE SUBMISSION TO THE COURT:**

| | |
|---|---|
| */s/ Hillary Weinstein* | */s/ James Munnelley* |
| **O'HAGAN MEYER, PLLC** | **SAND & SAIDEL, P.C.** |
| BY: | BY: |
| John P. Morgenstern, Esquire | James J. Munnelly, Esq. |
| Hillary B. Weinstein, Esquire | David Annecharico, Esq. |
| Elizabeth A. Castillo, Esquire | PA ID Nos: 318525/91122 |
| PA ID Nos: 80014/209533/332138 | |

*/s/ Christopher Sarno*
**CLYMER, MUSSER & SARNO, P.C.**
BY:
Christopher A. Sarno, Esq.
Pa. ID No.: 311511

#12566333v3